# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: EVOLVE BANK & TRUST CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 2:24-md-03127-SHL-cgc<br><br>Judge Sheryl H. Lipman |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement"),[1] is entered into between Plaintiffs, on behalf of themselves and the Settlement Class, on the one hand, and Defendant, on the other hand, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to the occurrence of the Effective Date.

## I.    Background

1.      Defendant, Evolve Bank & Trust ("Evolve"), is an Arkansas-state chartered bank that partners with fintech companies to offer banking services to their customers.

2.      In February and May 2024, cybercriminals gained unauthorized access to Defendant's information systems and accessed and exfiltrated the Private Information, including those belonging to Defendant's personal banking customers and Evolve FinTechs' customers.

3.      Following the announcement of the Data Incident, multiple putative class action lawsuits were filed against Defendant and Evolve FinTechs, alleging that Defendant failed to properly protect the Private Information in accordance with its duties, had inadequate data security, was unjustly enriched by the use of the Private Information, and improperly or inadequately notified potentially impacted individuals.

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

4.      On or about July 1, 2024, Defendant began notifying individuals that their Private Information may have been compromised in the Data Incident.

5.      On October 4, 2024, the JPML created an MDL docket related to the Data Incident and transferred 22 putative class action lawsuits to the Honorable Sheryl Lipman of the U.S. District Court for the Western District of Tennessee for coordinated or consolidated pre-trial proceedings. *In Re: Evolve Bank & Trust Customer Data Security Breach Litig.*, MDL No. 2:24-md-03127 [ECF No. 1].

6.      Between October 16, 2024, and November 13, 2024, the JMPL conditionally transferred 12 additional putative class actions related to the Data Incident. [ECF Nos. 3, 18, 25, 26].

7.       On November 26, 2024, the Court appointed J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as MDL Lead Counsel and authorized Mr. Stranch to litigate all pre-trial proceedings and to conduct settlement negotiations on behalf of Plaintiffs and absent putative class members that now compromise the Settlement Class.

8.      On January 21, 2025, MDL Lead Counsel filed a Consolidated Class Action Complaint alleging claims for: negligence and negligence per se, breach of third-party beneficiary contract, unjust enrichment, as well as claims under California's Unfair Competition Law, California Consumer Records Act, the California Consumer Privacy Act, and for injunctive relief on behalf of a California subclass. [ECF No. 53].

9.      Following the appointment of MDL Lead Counsel, in an effort to conserve resources for the Settlement Class as opposed to spending time and money litigating the Action, the Parties' Counsel explored the early resolution of the Action, which culminated in the Parties

participating in a mediation session conducted on January 31, 2025, with the Honorable Diane M. Welsh (Ret.), a retired federal magistrate judge now with JAMS in Philadelphia, Pennsylvania.

10.    In preparation for and following the mediation, the Parties met on numerous occasions and exchanged extensive confidential information related to the Data Incident that allowed the Parties to assess the case and meaningfully engage in-arm's length settlement discussions.

11.    The mediation was successful, and the Parties reached agreement regarding the material terms of a classwide settlement, which if approved by the Court, will resolve all claims against Defendant in the Action as well as any Evolve FinTechs customers whose data was impacted.

12.    The Parties filed a Notice of Settlement and Request for Stay Pending Settlement on February 21, 2025. [ECF No. 59]. The Court granted the request for a stay on February 25, 2025, and continued the upcoming conference pending settlement. [ECF No. 60]

13.    Thereafter, the Parties negotiated and drafted this Agreement.

14.    The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaints (and similarly does not concede any of the allegations in the other complaints in the related actions), and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaints. Nothing

contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

15.    "**Action**" or "**MDL**" means the following cases, collectively: *Meadows v. Evolve Bank & Trust*, Case No. 2:24-cv-02450-SHL-cgc (W.D. Tenn. June 28, 2024); *Quiates v. Evolve Bank & Trust*, Case No. 2:24-cv-03127-SHL-cgc (W.D Tenn. June 28, 2024); *Starling v. Evolve Bank & Trust*, Case No. 2:24-cv-02748-SHL-cgc (W.D Tenn. June 28, 2024); *Stritz v. Evolve Bank & Trust*, Case No. 2:24-cv-02741-SHL-cgc (W.D Tenn. June 28, 2024); *Shevchenko v. Evolve Bank & Trust*, Case No. 2:24-cv-02458-SHL-cgc (W.D. Tenn. June 29, 2024); *Colby v Evolve Bank & Trust*, Case No. 2:24-cv-02461-SHL-cgc (W.D. Tenn. July 1, 2024); *Mason v. Evolve Bank & Trust*, Case No. 2:24-cv-02463-SHL-cgc (W.D. Tenn. July 1, 2024); *McLaughlin v. Evolve Bank & Trust*, Case No. 2:24-cv-02464-SHL-cgc (W.D. Tenn. July 1, 2024); *Adewole v. Evolve Bank & Trust*, Case No 2:24-cv-02470-SHL-cgc (W.D. Tenn. July 2, 2024); *Biron v. Evolve Bank & Trust*, Case No. 2:24-cv-02473-SHL-cgc (W.D. Tenn. July 2, 2024); *Payne v. Evolve Bank & Trust*, Case

4

No. 2:24-cv-02466-SHL-cgc (W.D. Tenn. July 2, 2024); *Webster v. Evolve Bank & Trust*, Case No. 2:24-cv-02467-SHL-cgc (W.D. Tenn. July 2, 2024); *Franz v. Evolve Bank & Trust*, Case No. 2:24-cv-02742-SHL-cgc (W.D Tenn. July 3, 2024); *Kovalczik v. Evolve Bank & Trust*, Case No. 2:24-cv-02479-SHL-cgc (W.D. Tenn. July 5, 2024); *Katsnelson v. Evolve Bank & Trust*, Case No. 2:24-cv-02487-SHL-cgc (W.D. Tenn. July 9, 2024); *Rayam v. Evolve Bank & Trust*, Case No. 2:24-cv-02494-SHL-cgc (W.D. Tenn. July 10, 2024); *Buchanan v. Evolve Bank & Trust*, Case No. 2:24-cv-02743-SHL-cgc (W.D Tenn. July 12, 2024); *Huff v. Evolve Bank & Trust*, Case No. 2:24-cv-02495-SHL-cgc (W.D. Tenn. July 12, 2024); *Gaskins v. Evolve Bank & Trust*, Case No. 2:24-cv-02747-SHL-cgc (W.D Tenn. July 15, 2024); *Perrier v. Evolve Bank & Trust*, Case No. 2:24-cv-02506-SHL-cgc (W.D. Tenn. July 18, 2024); *Prystalski v. Evolve Bank & Trust*, Case No. 2:24-cv-02511-SHL-cgc (W.D. Tenn. July 19, 2024); *Hohler v. Evolve Bank & Trust*, Case No. 2:24-cv-02518-SHL-cgc (W.D. Tenn. July 22, 2024); *Bennett v. Evolve Bank & Trust*, Case No. 2:24-cv-02783-SHL-cgc (W.D Tenn. July 25, 2024); *Dubray v. Evolve Bank & Trust*, Case No. 2:24-cv-02784-SHL-cgc (W.D Tenn. July 29, 2024); *Faulkner v. Evolve Bank & Trust*, Case No. 2:24-cv-02785-SHL-cgc (W.D Tenn. July 31, 2024); *Nieves v. Evolve Bank & Trust*, Case No. 2:24-cv-02788-SHL-cgc (W.D Tenn. July 31, 2024); *St-Louis v. Evolve Bank & Trust*, Case No. 2:24-cv-02786-SHL-cgc (W.D Tenn. July 31, 2024); *Vojta v. Evolve Bank & Trust*, Case No. 2:24-cv-02779-SHL-cgc (W.D Tenn. July 31, 2024); *Batts v. Evolve Bank & Trust*, Case No. 2:24-cv-02543-SHL-cgc (W.D. Tenn. Aug. 1, 2024); *Fernandez v. Evolve Bank & Trust*, Case No. 2:24-cv-02780-SHL-cgc (W.D Tenn. Aug. 1, 2024); *Walker v. Evolve Bank & Trust*, Case No. 2:24-cv-02552-SHL-cgc (W.D. Tenn. Aug. 5, 2024); *Page v. Evolve Bank & Trust*, Case No. 2:24-cv-02782-SHL-cgc (W.D. Tenn. Aug. 7, 2024); *Shefa v. Evolve Bank & Trust*, Case No. 2:24-cv-02561-SHL-cgc (W.D. Tenn. Aug. 8, 2024); *Sarif v. Evolve Bank & Trust*, Case No. 2:24-cv-

02578-SHL-cgc (W.D. Tenn. Aug. 14, 2024); *Herrera v. Evolve Bank & Trust*, Case No. 2:24-cv-02595-SHL-cgc (W.D. Tenn. Aug. 20, 2024); *Bynoe v. Evolve Bank & Trust*, Case No. 2:24-cv-02850-SHL-cgc (W.D. Tenn. Aug. 22, 2024); *Clemmerson v Affirm Holdings, Inc.*, Case No. 2:24-cv-02886-SHL-cgc (W.D. Tenn. Aug. 28, 2024); *Ritchey v. Evolve Bank & Trust*, Case No. 2:24-cv-02787-SHL-cgc (W.D Tenn. Sept. 20, 2024); *Liang v. Evolve Bank & Trust*, Case No. 2:24-cv-02885-SHL-cgc (W.D. Tenn. Oct 15, 2024), which, if not originally filed in the U.S. District Court for the Western District of Tennessee, have been transferred to and coordinated with, *In Re: Evolve Bank & Trust Customer Data Security Breach Litig.*, MDL No. 2:24-md-03127-SHL-cgc, pending in the U.S. District Court for the Western District of Tennessee.

16.　　"**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking Service Awards for Class Representatives and Class Counsel's attorneys' fees and reimbursement for costs.

17.　　"**CAFA Notice**" means the Class Action Fairness Act Notice, which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

18.　　"**Cash Payment**" means compensation paid to Settlement Class Members who elected Cash Payment A – Documented Losses or Cash Payment B – Flat Cash.

19.　　"**Cash Payment A – Documented Losses**" means the Settlement Class Member Benefit that Settlement Class Members who incurred documented losses may elect under Section V herein.

20.　　"**Cash Payment B – Flat Cash**" means the Settlement Class Member Benefit consisting of an estimated $20.00 cash payment that Settlement Class Members may elect under

Section V herein.

21.    "**Claim**" means the submission of a Claim Form by a Claimant.

22.    "**Claimant**" means a Settlement Class Member who submits a Claim Form.

23.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as ***Exhibit 3***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

24.    "**Claim Form Deadline**" means 15 days before the initial scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for a Cash Payment.

25.    "**Claim Process**" means the process by which Claimants may submit Claims to the Settlement Administrator for the election of Settlement Class Member Benefits.

26.    "**Class Counsel**" means J. Gerard Stanch, IV of Stranch, Jennings & Garvey, PLLC.

27.    "**Class List**" means a list of all individuals in the Settlement Class, including their names, email addresses (if available), and postal addresses (if available) that Defendant shall prepare and provide to the Settlement Administrator within 5 days of the entry of the Preliminary Approval Order for the Notice using information in its records.

28.    "**Class Representatives**" means all Plaintiffs who signed this Agreement.

29.    "**Complaint**" means the Consolidated Class Action Complaint filed in the Action on January 21, 2025.

30.    "**Court**" means the United States District Court for the Western District of Tennessee, and the Judge(s) assigned to the Action.

31.    "**Credit Monitoring**" means the one year of credit monitoring that Settlement

7

Class Members may elect as a Settlement Class Member Benefit under the Settlement.

32.    "**Data Incident**" means the alleged incident that occurred in February and May of 2024, in which unauthorized third parties potentially gained access to Private Information of the individuals in the Settlement Class.

33.    "**Defendant**" or "**Evolve**" means Evolve Bank & Trust.

34.    "**Defendant's Counsel**" means Aravind Swaminathan of Orrick, Herrington & Sutcliffe LLP.

35.    "**Effective Date**" means 5 days after the entry of the Final Approval Order, provided there are no objections to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

36.    "**Email Notice**" means the email notice of the Settlement, substantially in the form attached hereto as **_Exhibit 1_**, that the Settlement Administrator shall disseminate by email.

37.    "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

38.    "**Evolve FinTechs**" means financial technology company customers of Evolve (including current, former, and future officers, director, agents, insurers, successors, predecessors, affiliates, parents, and subsidiaries) and financial technology companies who received banking services from Evolve through Synapse Financial Technologies, Inc., whose customers provided data to Evolve that contained the Private Information that were included in the data files affected by the Data Incident, including Affirm, Inc., Activehours, Inc. (d/b/a EarnIn), Branch Messenger,

Inc., Bond Financial Technologies, Inc., CapitalJ, Inc. (d/b/a Juno), Dave Operating LLC, Landa Holdings Inc., Mercury Technologies Inc., Plaid Technologies, Inc., Shopify Inc., Step Mobile Inc., Stripe, Inc., TransferWise, Inc., and Yotta Technologies, Inc..

39. "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

40. "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

41. "**Final Approval Order**" means the final order that the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and Service Awards to Class Counsel.

42. "**JPML**" means Judicial Panel on Multidistrict Litigation.

43. "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 4***, that shall be posted on the Settlement Website and shall be available to the Settlement Class by mail on request made to the Settlement Administrator.

44. "**MDL**" means multidistrict litigation.

45. "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

46. "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file

with the Court seeking Preliminary Approval of the Settlement.

47.    "**Notice**" means the Email Notice, Publication Notice, and Long Form Notice, that Plaintiffs and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

48.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice and consists of the Email Notice, Publication Notice, and Long Form Notice, along with the Settlement Website and Settlement telephone line.

49.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

50.    "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

51.    "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Email Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

52.    "**Party**" means each of the Plaintiffs and the Defendant, and "Parties" means Plaintiffs and Defendant collectively.

53.    "**Plaintiffs**" means Samantha Walker, Steven Mason, Tracy E. Starling, Terrance Pruitt, Duncan Meadows, Zachary Grisack, Christina Fava, Laura Robinson, Jo Joaquim, Nicole Peterson, Mark D. Van Nostrand, Sharyn Jackson, Evin Jason Shefa, and Lisa Adewole.

54.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

55.     "**Preliminary Approval Order**" means the order preliminarily approving the
Settlement and proposed Notice Program.

56.     "**Private Information**" means information of members of the Settlement Class that
may have been exposed in the Data Incident, which may include: names, dates of birth, Social
Security numbers, drivers' license numbers, bank account numbers, and contact information.

57.     "**Publication Notice**" means the publication notice of the Settlement, substantially
in the form attached hereto as ***Exhibit 2***, that the Settlement Administrator shall disseminate to the
Settlement Class on social media platforms and/or through banner advertisements if the reach of
the Notice Program falls below 90%.

58.     "**Related Actions**" means any lawsuit, action, claim, demand, arbitration or other
legal proceeding brought by one or more Settlement Class Member against Defendant related to
or arising from the Data Incident.

59.     "**Releases**" means the releases and waiver set forth in Section XIII of this
Agreement.

60.     "**Released Claims**" means the claims described in Section XIII of this Agreement.

61.     "**Released Parties**" means Defendant, and its present and former parents,
subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and
all of their past, present, and future directors, officers, executives, officials, principals,
stockholders, heirs, employees, agents, insurers, reinsurers, members, attorneys, accountants,
actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees,
licensors, independent contractors, subrogees, trustees, executors, administrators, predecessors,
successors and assigns, and any other person acting on Defendant's behalf, in their capacity as
such, and Evolve FinTechs. It is expressly understood that to the extent a Released Party is not a

party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

62.    "**Releasing Parties**" means (i) Plaintiffs and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which a Plaintiff and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

63.    "**Settlement Agreement**" or "**Settlement**" or "**Agreement**" means this Settlement Agreement.

64.    "**Service Awards**" shall mean the payment the Court may award the Plaintiffs for serving as Class Representatives.

65.    "**Settlement Administrator**" means Kroll Settlement Administration LLC or "Kroll."

66.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

12

67.    "**Settlement Class**" means all persons in the United States who provided their Private Information to Evolve, directly or indirectly, and whose Private Information was included in files affected by the Data Incident. Excluded from the Settlement Class are (a) all persons who are current and prior governing board members of Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

68.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

69.    "**Settlement Class Member Benefit**" means the Cash Payment and/or Credit Monitoring, elected by Settlement Class Members.

70.    "**Settlement Fund**" means the non-reversionary $11,858,259.98 in cash that Defendant has agreed to pay or cause to be paid under the terms of the Settlement.

71.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for six months after Final Approval.

72.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim

Form Deadline, or, if submitted online, submitted by 11:59 p.m. Central Time on the Claim Form

Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement

Administrator may require additional information from the Claimant to validate the Claim,

including, but not limited to, answers related to questions regarding the validity or legitimacy of

the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of

Deficiency may result in a determination that the Claim is not a Valid Claim.

### III.    <u>Settlement Fund</u>

73.     Defendant shall deposit or cause to be deposited $11,858,259.98 into the Escrow

Account, of which $1,858,259.98 shall be deposited no later than April 1, 2025, with the remainder

deposited no later than 30 days after the execution of this Agreement. Once the $11,858,259.98 is

funded, Defendant shall not be responsible for any other payments in this Settlement. The

Settlement Fund shall be used to pay: (1) Settlement Class Member Benefits to those Settlement

Class Members who submit Valid Claims; (2) any Service Awards awarded to Class

Representatives; (3) any attorneys' fees and costs awarded to Class Counsel; and (4) all Settlement

Administration Costs.

74.     The funds in the Escrow Account shall be deemed a "qualified settlement fund"

within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the

Escrow Account. A reasonable rate of interest shall be earned on the funds in the Escrow Account

and all interest shall accrue for the benefit of the Settlement Class. All taxes (including any

estimated taxes, and any interest or penalties relating to them) arising with respect to the income

earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be

imposed on Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to

income earned by the Escrow Account, for any period during which the Escrow Account does not

qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

75.     The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

## IV.    Certification of the Settlement Class

76.     Plaintiffs shall propose and recommend to the Court that the Settlement Class be certified for Settlement purposes only. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this Action shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.     Settlement Consideration

77.     When submitting a Claim for a Cash Payment, Settlement Class Members may choose either Cash Payment A – Documented Losses (if applicable) or Cash Payment B – Flat Cash. Additionally, all Settlement Class Members are eligible to claim Credit Monitoring. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against Defendant without receiving a Settlement Class Member Benefit.

15

### a. Cash Payment A – Documented Losses

Settlement Class Members may submit a claim for a Cash Payment under this section for up to $3,000.00 per Settlement Class Member upon presentment of documented losses related to the Data Incident. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A – Documented Losses on the Claim Form attesting under penalty of perjury to incurring documenting losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise.

### b. Cash Payment B – Flat Cash Payment

In the alternative to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B, which is a flat cash payment estimated in the amount of $20.00 and subject to the *pro rata* adjustment provision Paragraph 78.

### c. Credit Monitoring

In addition to electing Cash Payment A (if applicable) or Cash Payment B, Settlement Class Members may elect one year of monitoring that will provide the following benefits: credit monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft. The Credit Monitoring Settlement Class Member Benefit has a value of $110.00 per year per Settlement Class Member.

78.     ***Pro Rata* Adjustments on Cash Payments** – All Settlement Class Cash Payments (Cash Payment A and Cash Payment B) will be subject to a *pro rata* increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund.

Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Settlement Fund first for payment of Credit Monitoring and then for Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. In the unexpected event the value of Credit Monitoring on its own exhausts the amount of the Settlement Fund, the length of the Credit Monitoring provided will be reduced as necessary to bring the cost within the Settlement Fund.

79. **Business Practice Changes** – Notwithstanding any other obligations, as part of this Agreement, Defendant agrees to engage in certain practices to further secure its systems. Such practices will include eliminating plain text Social Security number storage practices, increasing visibility of environmental monitoring, confirming conditional access configurations, further hardening of firewall and dynamic security appliances, deploying endpoint detection and response and other security tools to harden the network, and enhancing its existing cybersecurity awareness training programs. Defendant shall provide a declaration regarding the value of these measures no later than 30 days from the signing of this Agreement.

## VI.  **Settlement Approval**

80. Upon execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendant.

81. The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate,

and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) appoint J. Gerard Stranch, IV as Class Counsel, the Plaintiffs who sign this Agreement as Class Representatives, and Kroll as Settlement Administrator; (4) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (5) approve the Claim Form and Claim Process; (6) approve the procedures for individuals in the Settlement Class to opt-out of or object to the Settlement; (7) stay the Action and Related Actions pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendant's Counsel.

## VII.   **Settlement Administrator**

82.   The Parties agree that, subject to Court approval, Kroll shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

83.   The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments to Settlement Class Members who submit Valid Claims.

84.   The Settlement Administrator's duties include to:

a.   Complete the Court-approved Notice Program by noticing the Settlement Class by Email Notice and Publication Notice, and by sending Long Form Notices and paper Claim Forms on request from individuals in the Settlement Class, reviewing Claim Forms, notifying

18

Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class

Member Benefits to Settlement Class Members who submit a Valid Claim;

b.      Establish and maintain the Settlement Fund in the Escrow Account;

c.      Establish and maintain a post office box to receive opt-out requests from
the Settlement Class, objections from Settlement Class Members, and Claim Forms;

d.      Establish and maintain the Settlement Website to provide important
information about the Settlement and to receive electronic Claim Forms;

e.      Establish and maintain an automated toll-free telephone line for the
Settlement Class to call with Settlement-related inquiries, and answer frequently asked questions
of individuals in the Settlement Class who call with or otherwise communicate such inquiries;

f.      Respond to any mailed inquiries from individuals in the Settlement Class;

g.      Process all opt-out requests from the Settlement Class;

h.      Provide weekly reports to Class Counsel and Defendant's Counsel that
summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency
sent, opt-out requests and objections received that week, the total number of valid opt-out requests
and objections received to date, and other pertinent information;

i.      In advance of the Final Approval Hearing, prepare a declaration confirming
the Notice Program was completed in accordance with the terms of this Agreement and the
Preliminary Approval Order, describing how the Notice Program was completed, indicating the
number of Claim Forms received, providing the names of each individual in the Settlement Class
who timely and properly requested to opt-out from the Settlement Class, indicating the number of
objections received, and other information as may be necessary to allow the Parties to seek and
obtain Final Approval;

19

        j.     Distribute, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

        k.     Send Settlement Class Members who elect Credit Monitoring emails instructing how to activate their Credit Monitoring service;

        l.     Pay Court-approved attorneys' fees and costs, and Service Awards out of the Settlement Fund;

        m.     Pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

        n.     Any other Settlement Administration function at the instruction of Class Counsel and Defendant's Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

85.     The Notice Program and Notices will be reviewed and approved by the Settlement Administrator. However, the Notices may be revised as agreed upon by the Parties prior to submission to the Court for approval. Immaterial revisions and formatting changes to the Notices may also be made prior to dissemination of the Notice.

86.     The Parties, Settlement Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (1) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (2) the management, investment, or distribution of the Settlement Fund; (3) the formulation, design, or terms of the disbursement of the Settlement Fund; (4) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (5) any losses suffered by or fluctuations in the value of the Settlement Fund; or (6) the payment or withholding of any taxes and tax-related expenses.

## VIII.    <u>Notice to the Settlement Class</u>

87.    Defendant will make available to the Settlement Administrator the Class List no later than 5 days after entry of the Preliminary Approval Order.

88.    Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Email Notice shall be disseminated two times to the Settlement Class. Publication Notice will also be utilized to assist in providing additional awareness and notice to the Settlement Class if the Notice Program's reach falls below 90%..

89.    The Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for individuals in the Settlement Class to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class may access this Agreement and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

90.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claims Form that can be submitted directly

on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

91.     The Long Form Notice also shall include a procedure for individuals in the Settlement Class to opt-out of the Settlement; and the Email Notice shall direct individuals in the Settlement Class to review the Long Form Notice to obtain the opt-out instructions. Individuals in the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the individual in the Settlement Class and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any individual in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if he or she does not submit a Valid Claim.

92.     No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out as a group, in the aggregate, or as a class involving more than one individual in the Settlement Class; or (b) to opt-out more than one individual in the Settlement Class on a single paper, or as an agent or representative. Any such purported opt-out requests shall be void, and the individual(s) who is or are the subject of such purported opt-out requests shall be treated as a Settlement Class Member and be bound by this Agreement, including the Releases contained herein, and judgment entered thereon, unless he or she individually submits a valid and timely opt-out request.

93.     The Long Form Notice also shall include a procedure for the Settlement Class to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Email Notice shall direct the Settlement Class to review the Long Form Notice to obtain the

objection instructions. Objections must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

94.    The objection must also set forth:

a.    the objector's full name, mailing address, telephone number, and email address (if any);

b.    whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

c.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.    the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

f.    the number of times in which the objector's counsel and/or counsel's law

firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

g.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

95.      The Notice Program shall be completed no later than 45 days before the original date set for the Final Approval Hearing.

## IX.    **Claim Process and Disbursement of Cash Payments**

96.      The Notice will explain to the Settlement Class that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

97.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

98.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

99.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

100.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and

Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

101.   Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

102.   Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.   Failure to fully complete and/or sign the Claim Form;

b.   Illegible Claim Form;

c.   The Claim Form is fraudulent;

d.      The Claim Form is duplicative of another Claim Form;

e.      The Claimant is not a Settlement Class Member;

f.      The Claimant submitted a timely and valid request to opt-out of the Settlement Class.

g.      The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.      Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.      The Claim Form otherwise does not comply with the requirements of this Settlement.

103.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.      The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication.

b.      A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.      If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

104.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the

decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

105.    No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

106.    No later than 75 days after Final Approval or 75 days after the Effective Date, whichever is later, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

107.    Cash Payments to Settlement Class Members will be made electronically or by paper check. Settlement Class Members with Valid Claims shall receive an email instructing them to select the type of payment they wish to receive. Upon issuance of the email, Settlement Class Members shall have 30 days to select their method of payment. Settlement Class Members who do not open their email or provide incorrect or incomplete electronic payment information shall receive a paper check in the mail. Settlement Class Members receiving payment by check shall have 180 days from issuance of the check to negotiate the check.

108.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that elected Credit Monitoring with information on how to enroll in the Credit Monitoring, including the activation code.

## X.    **Final Approval Order and Final Judgment**

109.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will

hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

110.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.    Determine that the Settlement is fair, adequate and reasonable;

      b.    Finally certify the Settlement Class for settlement purposes only;

      c.    Determine that the Notice Program satisfies Due Process requirements;

      d.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.    Release Defendant and the Released Parties from the Released Claims; and

      f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    Service Awards, Attorneys' Fees, and Costs

111.    *Service Awards* – In recognition of the time and effort the Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities as Class Representatives, and of the relief conferred on all Settlement Class Members by the Settlement, Class Counsel shall request a Service Award for the Class Representatives in the amount not to exceed $2,500.00 each. If approved, the Service Awards shall be paid by the Settlement Administrator out of the Settlement Fund within 5 days of the Effective Date, or within 5 days of receiving the Class Representative's Internal Revenue Service Tax Form W9. The Service Award payments to the Class Representatives shall be separate and apart from their entitlement to Settlement Class Member Benefits.

112.    *Attorneys' Fees and Costs* - Class Counsel shall apply to the Court for an award of attorneys' fees of up to one-third (1/3) of the value of the settlement, plus reimbursement of costs. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel, within 5 days of the Final Approval Order.

113.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement. The amount and timing of Service Awards is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination

of this Agreement.

## XII.  **Disposition of Residual Funds**

114.    The Settlement is designed to exhaust the Settlement Fund. In the event there are funds remaining from uncashed checks in the Settlement Fund 20 days following the 180-day check negotiation period, all remaining funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient to be approved by the Court.

## XIII.  **Releases**

115.    As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties from, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to the Data Incident.  For clarity, this does not apply to any claims asserted in *Margul et al. v. Evolve Bank & Trust et al.*, No. 1:24-cv-3259 (D. Colo.), or its related cases.

116.    Plaintiffs and Settlement Class Members covenant and agree they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

117.    Individuals in the Settlement Class who opt-out of the Settlement prior to the expiration of the Opt-Out Period do not release their claims and will not obtain any benefits under the Settlement. With respect to the Released Claims, Plaintiffs and Settlement Class Members

expressly understand and acknowledge it is possible that unknown economic losses or claims exist

or that present losses may have been underestimated in amount or severity. Plaintiffs and

Settlement Class Members explicitly took that into account in entering into this Agreement, and a

portion of the consideration and the mutual covenants contained herein, having been bargained for

between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims

for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such

claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and

by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent

permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code

(to the extent it is applicable, or any other similar provision under federal, state or local law to the

extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
> BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall

have, waived any and all provisions, rights, and benefits conferred by any law of any state, the

District of Columbia or territory of the United States, by federal law, or principle of common law,

or the law of any jurisdiction outside of the United States, which is similar, comparable, or

equivalent to Section 1542 of the California Civil Code. Class Representatives, the Settlement

Class Members, and the Releasing Parties acknowledge that they may discover facts in addition to

or different from those that they now know or believe to be true with respect to the subject matter

of the Release, but that it is their intention to finally and forever settle and release the Released

Claims, including but not limited to any unknown claims they may have. The Parties acknowledge,

and Settlement Class Members shall be deemed by operation of the Agreement to have acknowledged, that the foregoing waiver is a material term of the Agreement.

118.    Plaintiffs or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

119.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member, or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV.  **Termination of Settlement**

120.    This Agreement shall be subject to and is expressly conditioned on the occurrence

of all the following events:

    a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

    b.    The Court has entered the Preliminary Approval Order;

    c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

    d.    The Effective Date has occurred.

121.    Defendant shall have the option to terminate this Agreement if more than 5% of the Settlement Class op-out of the Settlement. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this paragraph within 10 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

122.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

123.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid from the fund. After payment of any Settlement Administration Costs

that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant within 21 days of termination.

## XV.   Effect of Termination

124.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved. Any Court orders preliminarily or finally approving certification of the Settlement Class and any other orders entered pursuant to the Agreement shall be deemed null and void and vacated.

125.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.   No Admission of Liability

126.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continues to deny each of the claims and contentions alleged in the Complaint. Defendant specifically denies that a class could or should be

certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

127.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

128.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

129.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or the Settlement Class, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in

the Action or in any proceeding in any court, administrative agency, or other tribunal.

130.    In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII. <u>Miscellaneous Provisions</u>

131.    ***Deadlines***. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

132.    ***Gender and Plurals***. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

133.    ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

134.    ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

135.    ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in good faith in an attempt to resolve the dispute.

136. ***Other Litigation***. Plaintiffs and Class Counsel will not cooperate with or encourage any action or filing of claims against Defendant or any Released Parties related to any of the allegations or claims alleged in the Action. For clarity, this does not apply to *Margul et al. v. Evolve Bank & Trust et al.*, No. 1:24-cv-3259 (D. Colo.), or its related cases.

137. ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

138. ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

139. ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Tennessee, without regard to the principles thereof regarding choice of law.

140. ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required.

141. ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain

jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement

Administrator. As part of the agreement to render services in connection with this Settlement, the

Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court

shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all

Releasing Parties from asserting any of the Released Claims and from pursuing any Released

Claims against the Released Parties at any time and in any jurisdiction, including during any appeal

from the Final Approval Order.

142.    ***Notices***. All notices provided for herein shall be sent by email to:

If to Plaintiffs or Class Counsel:

>       J. Gerard Stranch, IV
>       Grayson Wells
>       **STRANCH, JENNINGS & GARVEY, PLLC**
>       The Freedom Center
>       223 Rosa L. Parks Avenue, Ste. 200
>       Nashville, TN 37203
>       Tele: (615) 254-8801
>       gstranch@stranchlaw.com

If to Defendant or Defendant's Counsel:

>       Aravind Swaminathan
>       **ORRICK, HERRINGTON & SUTCLIFFE LLP**
>       401 Union Street, Suite 3300
>       Seattle, WA 98101
>       Tele: (206) 839-4300
>       aswaminathan@orrick.com

The notice recipients and addresses designated above may be changed by written notice. Upon the

request of any of the Parties, the Parties agree to promptly provide each other with copies of

objections, requests for exclusion, or other filings received as a result of the Notice Program.

143.    ***Modification and Amendment***. This Agreement may not be amended or modified,

except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the

Settlement has been approved preliminarily by the Court, approved by the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class members under this Agreement.

144. ***No Waiver.*** The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

145. ***Authority***. Class Counsel (for Plaintiffs and the Settlement Class), and Defendant's Counsel (for Defendant), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all the terms and provisions of this Agreement.

146. ***Agreement Mutually Prepared***. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

147. ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in

addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

148.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Pages to Follow*

**PLAINTIFFS**

Signed by:

_____    3/28/2025 | 8:55 AM PDT
1E7406EBDE704CD...
SAMANTHA WALKER

DocuSigned by:

_____    3/28/2025 | 9:42 AM PDT
C6011BF9B7EC470...
STEVEN MASON

_____
TRACY E. STARLING

_____
TERRANCE PRUITT

_____
DUNCAN MEADOWS

_____
ZACHARTY GRISACK

_____
CHRISTINA FAVA

_____
LAURA ROBINSON

_____
JO JOAQUUIM

_____
NICOLE PETERSON

_____
MARK D. VAN NOSTRAND

_____
SHARYN JACKSON

_____
EVAN JASON SHEFA

_____
LISA ADEWOLE

**PLAINTIFFS**

_____

SAMANTHA WALKER


_____

STEVEN MASON


_____

TRACY E. STARLING


_____

TERRANCE PRUITT


_____

DUNCAN MEADOWS


_____

ZACHARTY GRISACK


_____

CHRISTINA FAVA


_____

LAURA ROBINSON


_____

JO JOAQUUIM


_____

NICOLE PETERSON


_____

MARK D. VAN NOSTRAND


_____

SHARYN JACKSON


_____

EVAN JASON SHEFA


_____

LISA ADEWOLE

**PLAINTIFFS**

_____
SAMANTHA WALKER

_____
STEVEN MASON

_____
TRACY E. STARLING

_____
TERRANCE PRUITT

_____
DUNCAN MEADOWS

_____
ZACHARTY GRISACK

_____
CHRISTINA FAVA

_____
LAURA ROBINSON

_____
JO JOAQUUIM

_____
NICOLE PETERSON

_____
MARK D. VAN NOSTRAND

_____
SHARYN JACKSON

_____
EVAN JASON SHEFA

_____
LISA ADEWOLE

**PLAINTIFFS**

---

SAMANTHA WALKER

---

STEVEN MASON

---

TRACY E. STARLING

---

TERRANCE PRUITT



---

DUNCAN MEADOWS

---

ZACHARTY GRISACK

---

CHRISTINA FAVA

---

LAURA ROBINSON

---

JO JOAQUUIM

---

NICOLE PETERSON

---

MARK D. VAN NOSTRAND

---

SHARYN JACKSON

---

EVAN JASON SHEFA

---

LISA ADEWOLE

42

# PLAINTIFFS

_____
SAMANTHA WALKER

_____
STEVEN MASON

_____
TRACY E. STARLING

_____
TERRANCE PRUITT

_____
DUNCAN MEADOWS

_____
ZACHARTY GRISACK

_____
CHRISTINA FAVA

_____
LAURA ROBINSON

_____
JO JOAQUUIM

_____
NICOLE PETERSEN

_____
MARK D. VAN NOSTRAND

_____
SHARYN JACKSON

_____
EVAN JASON SHEFA

_____
LISA ADEWOLE

Doc ID: 2d6bd7ef66e77041b2b620b623dd2766c0f89127

**PLAINTIFFS**

_____
SAMANTHA WALKER

_____
STEVEN MASON

_____
TRACY E. STARLING

_____
TERRANCE PRUITT

_____
DUNCAN MEADOWS

_____
ZACHARTY GRISACK

*Christina fava*
DocuSigned by:
4FEE32BCF05742C...
_____
CHRISTINA FAVA

_____
LAURA ROBINSON

_____
JO JOAQUUIM

_____
NICOLE PETERSON

_____
MARK D. VAN NOSTRAND

_____
SHARYN JACKSON

_____
EVAN JASON SHEFA

_____
LISA ADEWOLE

# PLAINTIFFS

_____

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUUIM

_____

NICOLE PETERSEN

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

Doc ID: 21a7aedf678af092934b2fbf24489a81308dd7f5

**PLAINTIFFS**

_____

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUIM

_____

NICOLE PETERSON

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

Doc ID: f1f7d4bfaf5aa22fa6fd354fd3c11c12faa8cc7e

**PLAINTIFFS**

_____

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUUIM

_____

NICOLE PETERSEN

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

Doc ID: e647e703fbb4c4877f1a1094b0afb1c999f82594

## PLAINTIFFS

_____

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUUIM

_____

NICOLE PETERSON

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

**PLAINTIFFS**

_____

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUIM

_____

NICOLE PETERSON

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUUIM

_____

NICOLE PETERSON

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

**PLAINTIFFS**

_____

SAMANTHA WALKER

_____

STEVEN MASON

_____

TRACY E. STARLING

_____

TERRANCE PRUITT

_____

DUNCAN MEADOWS

_____

ZACHARTY GRISACK

_____

CHRISTINA FAVA

_____

LAURA ROBINSON

_____

JO JOAQUUIM

_____

NICOLE PETERSON

_____

MARK D. VAN NOSTRAND

_____

SHARYN JACKSON

_____

EVAN JASON SHEFA

_____

LISA ADEWOLE

**CLASS COUNSEL**

_____          4/1/2025 | 1:01 PM CDT
J. GERARD STRANCH, IV
**STRANCH, JENNINGS & GARVEY, PLLC**


**DEFENDANT**

_____
By: _____
Its _____


**DEFENDANT'S COUNSEL**


_____
ARAVIND SWAMINATHAN
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

**CLASS COUNSEL**

_____
J. GERARD STRANCH, IV
**STRANCH, JENNINGS & GARVEY, PLLC**

**DEFENDANT**

_____
_Mark Mosteller_

By: Mark Mosteller
Its  Executive Vice President and Chief Financial Officer

**DEFENDANT'S COUNSEL**

_____
_Aravind Swaminathan_

ARAVIND SWAMINATHAN
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

# **EXHIBIT 1**

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

Class Member ID: <<RefNum>>

**To all persons in the United States who provided their Private Information to Evolve Bank & Trust, directly or indirectly, and whose Private Information was included in files affected by the Data Incident, a proposed class action Settlement may affect your rights**

*In Re: Evolve Bank & Trust Customer Data Security Breach Litig.*
MDL No. 2:24-md-03127-SHL-cgc

**Why am I receiving this Email Notice?** You are receiving this Notice because in February and May 2024, cybercriminals gained unauthorized access to Defendant Evolve Bank & Trust's ("Defendant") information systems and accessed and exfiltrated Private Information, including those belonging to Defendant's personal banking customers and customers of Defendant's financial technology company customers as well as financial technology companies who received banking services from Evolve through Synapse Financial Technologies, Inc. ("Data Incident"). Private Information may have included names, dates of birth, Social Security numbers, drivers' license numbers, bank account numbers, and contact information. On or about July 1, 2024, Defendant began notifying individuals that their Private Information may have been compromised in the Data Incident. A proposed Settlement has been reached, and you are likely a Settlement Class Member eligible to receive Settlement Class Member Benefits under this Settlement.

**Who is a Settlement Class Member?** You are affected by the Settlement and potentially a Settlement Class Member if you are a person in the United States who provided their Private Information to Defendant, directly or indirectly, and whose Private Information was included in files affected by the Data Incident.

**What are the Settlement Class Member Benefits?** Settlement Class Members who submit Valid Claims: (a) Cash Payment A – Documented Losses, up to $3,000 per Settlement Class Member, with supporting documentation; or (b) Cash Payment B – Flat Cash – an estimated $20 Cash Payment; and in addition to Cash Payment A or B (c) Credit Monitoring for one (1) year of monitoring that will provide the following benefits: credit monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft. Please visit **[here]** for a full description of the Settlement Class Member Benefits and documentation requirements.

**How do I submit a Claim Form for benefits?** You must submit a Claim Form, available **[here]** to be eligible to receive a Settlement Class Member Benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at *In re Evolve Bank & Trust Customer Data Security Breach Litig.*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391 and **postmarked by DATE.** You will need the Class Member ID located at the top of this email to submit a Claim.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM.**

**What are my other options?** If you **do nothing,** you will be legally bound by the terms of the Settlement, and you will release your claims against Defendant and other Released Parties as defined

in the Settlement Agreement. You may **opt-out** of or file an **objection** to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards by <<**Objection Period**>>. Please visit **www.website.com** for more information on how to submit an opt-out request and exclude yourself from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Class Counsel to represent you and other Settlement Class Members. You will not be charged directly for Class Counsel's attorneys' fees; instead, Class Counsel will receive compensation from the Settlement Fund (subject to Court approval). If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **DATE** at **TIME** CT, to consider whether to approve the Settlement, the attorneys' fees and expenses, up to one-third (1/3) of the value of the Settlement Fund ($3,789,475.79), plus reimbursement of costs and Service Award payments of $2,500 to each Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

This Email Notice is only a summary. For more information, to change your address, or to submit a Claim Form, visit **www.website.com** or call toll-free **(833) 421-7300.** Definitions of terms not defined here are available in the Settlement Agreement at [LINK].

## PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT.

Please monitor https://www.website.com/ for updates or call (833) 421-7300.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# EXHIBIT 2

**Evolve Bank & Trust**

**Banner Ad Samples**





Docusign Envelope ID: 344A154F-4535-409B-AA6A-4973021A7F2B

# Evolve Bank & Trust

## Social Media Sample Ads





# EXHIBIT 3

*831770000000*

8 3 1 7 7 0 0 0 0 0 0 0

> **Your Claim must be submitted online or <u>postmarked by</u>:**
> <mark>**<<Claim Form Deadline>>**</mark>

**EVOLVE-C**

## CLAIM FORM FOR ADVANCE AUTO DATA SECURITY INCIDENT ACTION

*In Re: Evolve Bank & Trust Customer Data Security Breach Litig.*
MDL No. 2:24-md-03127-SHL-cgc
United States District Court for the Western District of Tennessee

## GENERAL INSTRUCTIONS

You have been identified by the Settlement Administrator as a Settlement Class Member who was sent notification from Defendant Evolve Bank & Trust ("Defendant") that in February and May 2024, cybercriminals gained unauthorized access to Defendant's information systems and accessed and exfiltrated Private Information, including those belonging to Defendant's personal banking customers as well as customers of Defendant's financial technology company customers and financial technology companies who received banking services from Evolve through Synapse Financial Technologies, Inc. ("Data Incident"). Private Information may have included names, dates of birth, Social Security numbers, drivers' license numbers, bank account numbers, and contact information. You may submit a Claim for a Settlement Class Member Benefit, outlined below.

Please refer to the Long Form Notice posted on the Settlement Website <mark>**www.Website.com**</mark>, for more information, including definitions not defined here as well as information on submitting a Claim Form if you are part of the Settlement Class.

<mark>**To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.Website.com by <<Claim Form Deadline>>.**</mark>

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

> *In Re: Evolve Bank & Trust Customer Data Security Breach Litig.*
> c/o Kroll Settlement Administration LLC
> P.O. Box 225391
> New York, NY 10150-5391

Cash Payments (Cash Payment A and Cash Payment B as defined below) will be subject to a *pro rata* increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. **You may submit a Claim for one or more of the following benefits:**

❖ **Cash Payment A – Documented Losses:** Settlement Class Members may submit a Claim for a Cash Payment for up to **$3,000** per Settlement Cass Member upon presentment of documented losses related to the Data Incident. **You must submit reasonable documentation supporting the losses;**

**OR**

❖ **Cash Payment B – Flat Cash Payment:** In the alternative to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B – Flat Cash, which is a flat Cash Payment in an estimated amount of **$20;**

**And, in addition to one of the Cash Payment options, Settlement Class Members may select the following:**

Questions? Go to <mark>www.Website.com</mark> or call (833) 421-7300.

*8317700000000*

8 3 1 7 7 0 0 0 0 0 0 0 0

**Credit Monitoring –** In addition to electing one of the Cash Payment options, Settlement Class Members may elect one (1) year of monitoring that will provide the following benefits: Credit Monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft. The Credit Monitoring Settlement Class Member Benefit has a value of $110 per year per Settlement Class Member.

## I. PAYMENT SELECTION

If you would like to elect to receive your Cash Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____          _____
**First Name**                                                         **Last Name**

_____
**Address 1**

_____
**Address 2**

_____   ____ ____   ____ ____ ____ ____ ____
**City**                                                                                  **State**            **Zip Code**

**Email Address:** _____

**Telephone Number: (** ____ ____ ____ **)** ____ ____ ____ **-** ____ ____ ____ ____

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐   Check this box to certify if you are a person in the United States who provided their Private Information to Evolve, directly or indirectly, and whose Private Information was included in files affected by the Data Incident.

Enter the Class Member ID Number provided on your Email Notice:

**Class Member ID: 8 3 1 7 7** ____ ____ ____ ____ ____ ____ ____

**Questions? Go to www.Website.com or call (833) 421-7300.**

*8317700000000*

8 3 1 7 7 0 0 0 0 0 0 0

## IV. CASH PAYMENT A – DOCUMENTED LOSSES

All Settlement Class Members are eligible for compensation for up to $3,000 per Settlement Class Member for documented losses incurred as a result of the Data Incident.

(i)     To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A – Documented Losses on the Claim Form attesting under penalty of perjury to incurring documenting losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise.

Settlement Class Members with documented losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

**You must have documented losses incurred as a result of the Data Incident and submit documentation to obtain this benefit.**

☐   I have attached documentation showing that the documented losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Documented Loss | Amount of Documented Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2025 (mm/dd/yyyy) | $50.00 | Copy of identity theft protection service bill |
| | __/__ __/__ __ __ __ (mm/dd/yyyy) | $_____._____ | |
| | __/__ __/__ __ __ __ (mm/dd/yyyy) | $_____._____ | |
| | __/__ __/__ __ __ __ (mm/dd/yyyy) | $_____._____ | |

**Questions? Go to <mark>www.Website.com</mark> or call (833) 421-7300.**

Docusign Envelope ID: 344A154F-4535-409B-AA6A-4973021A7F2B

\*8317700000000\*

8 3 1 7 7 0 0 0 0 0 0 0 0

## V. CASH PAYMENT B – FLAT CASH PAYMENT

By checking the below box, I choose an estimated $20 Cash Payment.

☐      Yes, I choose an estimated $20 Cash Payment instead of Cash Payment A and understand that by selecting the estimated $20 cash payment, I am not longer eligible to receive compensation under Cash Payment A above.

**IN ADDITION TO THE CASH PAYMENTS, YOU MAY ALSO SELECT THE SETTLEMENT CLASS MEMBER BENEFIT BELOW.**

## VI. CREDIT MONITORING

☐      **One (1) year of Credit Monitoring**

Check the box above if you wish to receive, in addition to electing compensation for Cash Payment A or Cash Payment B, one (1) year of monitoring that will provide the following benefits: Credit Monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft. The Credit Monitoring Settlement Class Member Benefit has a value of $110 per year per Settlement Class Member. **You may also select Cash Payment A or Cash Payment B.**

## VII. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_
Signature                                                                                                Date

_____
Print Name

**Questions? Go to www.Website.com or call (833) 421-7300.**

\*00000\*                    \*CF\*                    \*Page 4 of 4\*
83177                              CF                          Page 4 of 4

Docusign Envelope ID: 344A154F-4535-409B-AA6A-4973021A7F2B

# **EXHIBIT 4**

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### United States District Court for the Western District of Tennessee

### *In Re: Evolve Bank & Trust Customer Data Security Breach Litig.*
### MDL No. 2:24-md-03127-SHL-cgc

### <u>A Court has authorized this Long Form Notice ("Notice"). This is not a solicitation from a lawyer.</u>

---

**If You Are A Person in the United States Who Provided Their Private Information to Evolve Bank & Trust ("Defendant"), Directly or Indirectly, and Whose Private Information Was Included in Files Affected by the Data Incident, You Are Eligible to Receive a Settlement Class Member Benefit from a Class Action Settlement.**

---

- A Court authorized this Notice, to those that are eligible to receive Settlement Class Member Benefits from a proposed class action Settlement relating to a data security matter involving unauthorized access to Defendant's information systems in February and May 2024, including those belonging to Defendant's personal banking customers and Evolve FinTechs' customers ("Data Incident"). The Action is titled *In Re: Evolve Bank & Trust Customer Data Security Breach Litig.,* MDL No. 2:24-md-03127-SHL-cgc and is pending in the United States District Court for the Western District of Tennessee. The persons that filed the class action lawsuit are called Plaintiffs or Class Representatives and the company they sued is Evolve Bank & Trust (or Defendant). Defendant denies any wrongdoing whatsoever. All capitalized terms not defined herein are defined in the "Basic Information" section starting page 5.

- **Who is a Settlement Class Member?**

   All persons in the United States who provided their Private Information to Evolve, directly or indirectly, and whose Private Information was included in files affected by the Data Incident.

   Private Information may include names, dates of birth, Social Security numbers, drivers' license numbers, bank account numbers, and contact information. Excluded from the Settlement Class are (a) all persons who are governing board members of Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff and (d) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

- Settlement Class Members under the Settlement Agreement will be eligible to receive:

   ❖ **Cash Payment A – Documented Losses:** Settlement Class Members may submit a Claim for a Cash Payment for up to **$3,000** per Settlement Class Member that includes reasonable documentation supporting the losses related to the Data Incident, upon submission of a Valid Claim and supporting documentation, for documented losses incurred as a result of the Data Incident; or

   ❖ **Cash Payment B – Flat Cash:** In addition to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B – Flat Cash, which is a flat Cash Payment in an estimated amount of **$20**.

All Settlement Class Cash Payments (Cash Payment A and Cash Payment B) will be subject to a *pro rata* increase from the Settlement Fund in the event the amount of Valid Claims is

insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly.

**In addition to a Cash Payment, Settlement Class Members may select the following:**

❖ **Credit Monitoring:** Settlement Class Members may elect one (1) year of monitoring that will provide the following benefits: Credit Monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft. The Credit Monitoring Settlement Class Member Benefit has a value of $110 per year per Settlement Class Member.

• To submit a Claim Form, obtain more information, or request a Claim Form, visit **www.website.com** or call **(833) 421-7300** to request a Claim Form no later than **<<Claim Form Deadline>>.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | This is the only way for you to receive a Settlement Class Member Benefit from the Settlement. | Submitted or postmarked on or before **<<Claim Form Deadline>>.** |
| **Exclude Yourself by Opting Out of the Class** | You will give up your right to receive any benefits from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant relating to the Data Incident. | Mailed and postmarked on or before **<<Opt-Out Period>>.** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write to the Court about why you agree or disagree with the Settlement or the Application for Attorneys' Fees, Costs, and Service Awards. The Court can only approve or deny the Settlement—it cannot order a different settlement. You can also ask to speak at the Final Approval Hearing on **<<Final Approval Hearing date>>,** about the fairness of the Settlement, with or without your own attorney. If you object, you may also submit a Claim Form to receive a Class Settlement Benefit, and you will give up the right to sue the Defendant in any other lawsuit against Defendant relating to the | Mailed and postmarked on or before **<<Objection Period>>.** |

**Questions? Go to www.website.com or call (833) 421-7300**

- 2 -

| | | |
|---|---|---|
| | Data Incident. | |
| **Do Nothing** | You will not receive any Settlement Class Member Benefit from this class action Settlement. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court still will have to decide whether to approve the Settlement. Settlement Class Member Benefits will be made available only if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

Basic Information ................................................................................................................ 4

Who is in the Settlement ..................................................................................................... 4

The Settlement Benefits—What You Get if You Qualify ................................................. 5

How Do You Submit a Claim ............................................................................................. 6

Excluding Yourself from the Settlement ........................................................................... 7

Objecting to the Settlement ............................................................................................... 7

The Lawyers Representing You ......................................................................................... 9

The Court's Final Approval Hearing ................................................................................. 9

If You Do Nothing ............................................................................................................. 10

Additional Information ...................................................................................................... 10

## BASIC INFORMATION

| 1. Why is there a Notice? |
|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give Final Approval to the Settlement. This Notice explains the nature of the Action that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Honorable Sheryl H. Lipman of the United States District Court for the Western District of Tennessee is overseeing this case captioned as *In Re: Evolve Bank & Trust Customer Data Security Breach Litig.,* MDL No. 2:24-md-03127-SHL-cgc. The people who brought the lawsuit are called the Class Representatives. The company being sued, Evolve Bank & Trust, is called the Defendant.

| 2. What is the Action about? |
|---|

Defendant is an Arkansas state-chartered bank and member of the Federal Reserve System that offers banking services to its personal banking customers and to customers of partnering financial technology companies and other financial technology companies who received banking services from Evolve through Synapse Financial Technologies, Inc. ("Evolve FinTechs").

The Action alleges that in February and May 2024, cybercriminals gained unauthorized access to Defendant's information systems and accessed and exfiltrated information including names, dates of birth, Social Security numbers, drivers' license numbers, bank account numbers, and contact information ("Private Information"), including those belonging to Defendant's personal banking customers and Evolve FinTechs' customers ("Data Incident"). On or about July 1, 2024, Defendant began notifying individuals that the Private Information may have been compromised in the Data Incident.

Defendant denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that Defendant has done anything wrong.

| 3. Why is this a class action? |
|---|

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, all of these people are called a "Settlement Class," and the individuals are called "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 4. Why is there a Settlement? |
|---|

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Class Counsel, think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| | |
|---|---|
| **5.** | **How do I know if I am part of the Settlement?** |

You are affected by the Settlement and potentially a Settlement Class Member if you are a person in the United States who provided their Private Information to Evolve, directly or indirectly, and whose Private Information was included in files affected by the Data Incident.

Excluded from the Settlement Class are (a) all persons who are governing board members of Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff and (d) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

| | |
|---|---|
| **6.** | **What if I am not sure whether I am included in the Settlement?** |

If you are not sure whether you are included in the Settlement, you may call **(833) 421-7300** with questions. You may also write with questions to:

*In re Evolve Bank & Trust Customer Data Security Breach Litig.*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

### THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

| | |
|---|---|
| **7.** | **What does the Settlement provide?** |

The Settlement provides the following Settlement Class Member Benefits available to Settlement Class Members who submit Valid Claims: (a) Cash Payment A – Documented Losses, up to $3,000 per Settlement Class Member, with reasonable supporting documentation; or (b) Cash Payment B – Flat Cash – an estimated $20 Cash Payment; and in addition to one of the Cash Payment options (c) Credit Monitoring for one (1) year of monitoring that will provide the following benefits: credit monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft.

| | |
|---|---|
| **8.** | **What payments are available for reimbursement under the Settlement?** |

Settlement Class Members that submit a valid and timely Claim Form may select <u>one Cash Payment option below</u> and/or credit monitoring services:

a) ***Cash Payment A - Documented Losses:*** Settlement Class Members may submit a Claim for up to a total of $3,000 per Settlement Class Member, upon submission of a Claim **and reasonable supporting documentation**;

- To receive a documented loss payment, a Settlement Class Member must select Cash Payment A – Documented Losses on the Claim Form attesting under penalty of perjury to incurring documenting losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise.

b)  *Cash Payment B – Flat Cash Payment:* In the alternative to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B – Flat Cash, which is a flat Cash Payment in an estimated amount of $20;

All Settlement Class Cash Payments (Cash Payment A and Cash Payment B) will be subject to a *pro rata* increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of the Cash Payments exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. **And, in addition to electing one of the Cash Payment options, Settlement Class Members may also elect:**

c)  **Credit Monitoring:** In addition to selection one of the Cash Payment options, Settlement Class Members may elect one (1) year of monitoring that will provide the following benefits: Credit Monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for identity theft. The Credit Monitoring Settlement Class Member Benefit has a value of $110 per year per Settlement Class Member.

### HOW DO YOU SUBMIT A CLAIM?

**9.  How do I get a Settlement Class Member Benefit?**

To receive a Settlement Class Member Benefit, you must complete and submit a Claim Form online at <u>www.website.com</u> or by mail to *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by ==**<<Claim Form Deadline>>**== or by mail **postmarked by ==<<Claim Form Deadline>>.==**

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT <u>WWW.WEBSITE.COM.</u>**

**10.  When will I get my Settlement Class Member Benefit?**

The Court will hold a Final Approval Hearing on ==**<<Date>>, at <<Time>> a.m. CT**== to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Cash Payments will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

**11.  What am I giving up as part of the Settlement?**

Defendant, its affiliates, and Evolve FinTechs will receive a Release from all claims that could have been or that were brought against them relating to the Data Incident. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant and each entity which is controlled by, controlling or under common control with Defendant, and its present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees,

trustees, executors, administrators, predecessors, successors and assigns, and any other person acting on Defendant's behalf, in their capacity as such, and Evolve FinTechs, and assigns of each of them as well as covered entities associated with the Data Incident. These Releases are described in Section XIII of the Settlement Agreement, which is available at **www.website.com.** If you have any questions, you can talk to the law firms listed in Question 17 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

| **12.  If I exclude myself, can I get a Settlement Class Member Benefit from this Settlement?** |
|---|

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

| **13.  If I do not exclude myself, can I sue the Released Parties for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up any right to sue Defendant and any other Released Party for any claim that could have been or was brought relating to the Data Incident. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

| **14.  How do I exclude myself from the Settlement?** |
|---|

To exclude yourself, send an opt-out request or written notice of intent to opt-out that says you want to be excluded from the Settlement. The opt-out request must be personally signed by the individual in the Settlement Class and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any individual in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of the Settlement Agreement even if he or she does not submit a Valid Claim. You must mail your opt-out request to the Settlement Administrator **postmarked by** <<end of the Opt-Out Period>>, to:

*In re Evolve Bank & Trust Customer Data Security Breach Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

## OBJECTING TO THE SETTLEMENT

| **15.  How do I tell the Court that I do not like the Settlement?** |
|---|

You can tell the Court that you do not agree with the Settlement, and/or Application for Attorneys' Fees, Costs, and Service Awards or some part of it by objecting to the Settlement. If you object, you may also submit a Claim Form to receive a Class Settlement Benefit, and you will give up the right to sue the Defendant in any other lawsuit against Defendant relating to the Data Incident. For an objection to be a valid objection under the Settlement, it must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator at the addresses listed below, postmarked by **no later than** <<end of the Objection Period>>.

**Questions? Go to www.website.com or call (833) 421-7300**

| Clerk of the Court | Class Counsel |
|---|---|
| U.S. District Court of the Western District of Tennessee<br>Odell Horton Federal Building<br>167 North Main Street<br>Memphis, TN 38103 | J. Gerard Stranch, IV<br>Grayson Wells<br>**STRANCH, JENNINGS & GARVEY, PLLC**<br>The Freedom Center<br>223 Rosa L. Parks Avenue, Ste. 200<br>Nashville, TN 37203 |
| **Defendant's Counsel** | **Settlement Administrator** |
| Aravind Swaminathan<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>401 Union Street, Suite 3300<br>Seattle, WA 98101 | *In re Evolve Bank & Trust Customer Data Security Breach Litig.*<br>c/o Kroll Settlement Administration LLC<br>P.O. Box 225391<br>New York, NY 10150-5391 |

The objection must be written and must include all of the following:

i) the objector's full name, mailing address, telephone number, and email address (if any);

ii) whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

iii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

iv) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

v) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

vi) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

vii) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

viii) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

ix) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

x) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

xi) the objector's signature (an attorney's signature is not sufficient).

**Questions? Go to www.website.com or call (833) 421-7300**

| **16.  What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a Settlement Class Member, and the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **17.  Do I have a lawyer in this case?** |
|---|

Yes. The Court appointed J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **18.  How will the Class Counsel be paid?** |
|---|

Class Counsel shall apply to the Court for an award of attorneys' fees of up to one-third (1/3) of the value of the Settlement Fund ($3,789,475.79), plus reimbursement of costs. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will include a request for a Service Award to the Class Representatives in recognition for their contributions to this Action not to exceed $2,500 per Class Representative, from the Settlement Fund.

Any attorneys' fees, costs and Service Award payments must be approved by the Court. The Court may award less than the amounts requested.

## THE COURT'S FINAL APPROVAL HEARING

| **19.  When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court will hold a Final Approval Hearing at <<Time>> CT on <<Date>>, at the <<Court Address>>, Room ___ as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the Application for Attorneys' Fees, Costs, and Service Awards payments. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.website.com**, or calling **(833) 421-7300**.

| **20.  Do I have to attend the hearing?** |
|---|

No. Class Counsel will present the Settlement Class to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you

do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 15, the Court will consider it.

| 21. May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 15, including all the information required. Your objection must be **mailed** to the Clerk of the Court, Class Counsel, Defendant's Counsel and the Settlement Administrator, at the mailing addresses listed above, **postmarked by no later than <<end of the Objection Period>>**.

## IF YOU DO NOTHING

| 22. What happens if I do nothing? |
| --- |

If you do nothing, you will not receive any Settlement Class Member Benefits from this Settlement. If the Settlement is granted Final Approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or the other Released Parties based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

| 23. How do I get more information? |
| --- |

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.website.com**. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(833) 421-7300**.

| 24. What if my contact information changes or I no longer live at my address? |
| --- |

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(833) 421-7300** or at the Contact page of the Settlement Website:

*In re Evolve Bank & Trust Customer Data Security Breach Litig.*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT.**